**STEPHENS,** Plaintiff-Appellee v. **TROTWOOD** (Village), **Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1760. Decided July 26, 1943

158

A. A. Moeller, Dayton, Ralph A. Argabright, Dayton, Guy E. Miller, Dayton, for plaintiff-appellee.

Murr & Murr, Dayton, for defendant-appellant.

## OPINION

BY THE COURT:

Under date of June 30, 1943, we released a decision in the above entitled cause which, inadvertantly, is not responsive to all the errors properly assigned in the instant appeal.

The difficulty arose because of the fact that defendant-appellant had elected to prosecute' two appeals, one under No. 1749 and the instant appeal under No. 1760, both arising in case No. 92212 Common Pleas Court. No. 1749 was instituted by notice of appeal of date October 3, 1942, directed to the order of the trial judge of. September 16, 1942, entering judgment for the plaintiff on the pleadings as to the first defense in the defendant's second amended answer to plaintiff's petition. After the final judgment was entered, the appeal was instituted under No. 1760 and, apparently, No. 1749 was abandoned. Counsel for appellant briefed the appeal under No. 1749 and it is the subject matter in part of this appeal which we have heretofore discussed under No. 1760 and as to which we held that the order sought to be appealed from was not appealable.

Upon the judgment in No. 1760, there does properly arise the right of the appellant to question the correctness of the ruling and order of the trial court in sustaining plaintiff's motion for judgment on the pleadings and we, therefore, release this supplemental decision and briefly consider the error assigned.

At the time that the trial court passed upon the defense of res judicata, there was before it all of the pleadings and the order made on the motion for judgment on the pleadings on behalf of the defendant in case No. 91010, Common Pleas Court.

The original action, case No. 91010 Common Pleas Court, was for damages sustained by reason of the maintenance by the defendant village of a nuisance in one of the streets of its village. The original petition set up the alleged nuisance, the operation of plaintiff's automobile over Main Street in the Village of Trotwood on the evening of the accident and said that when his automobile was moving in a generally westerly direction "it suddenly descended upon the rough surface and floundered upon the uneven and rough surface of the street, etc." In the new petition which was filed under No. 92212, Common Pleas Court, these words were inserted "and there were no obstructions visible in said Main Street." The assignment, to the effect that the court erred in sustaining the motion of the plaintiff for judgment on the pleadings as to the issue joined upon the petition and the first defense of the amended answer, presents a most interesting and a close question.

It is obvious that when the court in the former action sustained the motion of defendant for judgment on the pleadings he treated the motion as a demurrer to the petition. This is indicated by the conditional entry of dismissal which gave the plaintiff the right to file an amended petition. This must be so also, because, clearly, there was an issue of fact drawn upon the averments of the answer and the denials of the reply, namely, whether or not the plaintiff at the time of the injuries alleged was in violation of §12603 GC. The court could not properly have disposed of this issue of fact upon the motion for judgment on the pleadings.

It becomes apparent then, that the court was of opinion that the petition was faulty, in that it failed to state a cause of action, and, it is probable that he was of opinion that the plaintiff had suggested his contributory negligence and had not negatived such suggestion. We are satisfied that the presumption of due care which must be indulged in favor of the plaintiff as to the averments in his petition was sufficient as

160

against any suggestion of failure to exercise ordinary care. But 12603 GC has been held to be a statutory obligation, enjoined upon those who come within its terms, over and beyond the common law obligation of due care. Query then—when the plaintiff plead a factual situation that there was an excavation in the street as described, constituting a nuisance, was it further obligatory upon him under 12603 GC to allege that such excavation was not visible to him. We are in some doubt about this queston and for that reason would not reverse this judgment upon the action of the trial judge in sustaining plaintiff's motion for judgment on the pleadings as against the defense of res judicata. We, also, tend toward this position, although not controlling of our action, because of the probability that the defendant at the time that its motion for judgment on the pleadings was sustained, was urging upon the court the insufficiency of the petition to state a cause of action. It is now urging that the petition stated a good cause of action and that plaintiff was bound by the judgment.

We, therefore hold that the assignment that the court erred in its ruling and order on the defendant's defense of res adjudicata is not well made and our judgment will be that of an affirmance.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.

## ON MOTION TO DISMISS CAUSE

No. 1749.   Decided July 26, 1943.

A. A. Moeller, Dayton, Ralph A. Argabright, Dayton, Guy E. Miller, Dayton, for plaintiff-appellee.
Allaman, Funkhouser & Murr, Dayton, for defendant-appellant.

BY THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the cause for the reason that the court is without jurisdiction in the premises.   Motion sustained.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.